**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| United States of America, | Case No. 2:25-cr-00111-GMN-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Aerion Warmsley, | |
| Defendant. | |

Before this Court is Defendant Aerion Warmsley's motion seeking a writ of *habeas corpus ad prosequendum* for his transfer into the custody of the United States Marshals Service (USMS) pending his federal trial. ECF No. 23. The Government opposed. ECF No. 25. The parties are familiar with the arguments. As a result, this Court simply incorporates them as relevant to its order.

Mr. Warmsley is currently detained at the Clark County Detention Center (CCDC) as a result of pending state charges. He is also simultaneously facing the instant case. He explains he is unable to review electronic discovery regarding the instant federal case at CCDC. In turn, he cannot effectively participate in the defense of his federal case. He explains that he would be able to do so if he were in custody at the Nevada Southern Detention Center, which is the facility at which defendants facing federal charges are typically held. He believes the transfer into USMS custody can be accomplished pursuant to 28 U.S.C. § 2241(c)(5).

As the Government points out, that statute does not apply unless Mr. Warmsley is being brought to court to testify or for purposes of trial. 28 U.S.C. § 2241(c)(5) ("The writ of habeas corpus shall not extend to a prisoner unless…[i]t is necessary to bring [the defendants] into court to testify or for trial."). At this juncture neither of those variables are at play. Thus, this Court cannot order Mr. Warmsley into USMS custody pursuant to that statute.

This Court next turns to Mr. Warmsely's ability to review his discovery and participate in his defense. The Government represents having spoken to LVMPD Lieutenant Lusch and that

several alternatives exist at CCDC for Mr. Warmsley to review the discovery in question. Should Mr. Warmsley (or counsel) not be able to pursue these alternatives, he is free to renew this motion as he must be able to properly review discovery and participate in his defense.

I. **CONCLUSION**

**IT IS ORDERED** that Mr. Warmsley's motion (ECF No. 23) is denied.

**IT IS FURTHER ORDERED** that the hearing set for November 4, 2025, is vacated.

DATED: November 3, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE